1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:16-cr-0010 MCE KJN P

12                  Respondent,

13           v.                               FINDINGS AND RECOMMENDATIONS

14    STARSHEKA MIXON,

15                  Movant.

16

17    I.  Introduction

18           Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set

19    aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  Movant contends that defense

20    counsel rendered ineffective assistance of counsel.  Respondent filed an opposition; movant did

21    not file a traverse.  After careful review of the record, the undersigned recommends that the

22    motion be denied.

23    II.  Facts and Procedural Background

24           On January 14, 2016, movant was indicted, along with one co-defendant, on one count of

25    conspiracy to submit false claims and 15 counts of submitting false, fictitious or fraudulent

26    claims.  (ECF No. 1.)  Such violations were alleged to have occurred in or about January 2011,

27    and continuing through in or about June 2013.  Movant was represented by appointed counsel.

28           Movant was arraigned on January 22, 2016.  (ECF No. 9.)

1

On February 8, 2018, movant signed the written plea agreement and it was filed on the same day.  (ECF No. 94.)  In exchange for movant's guilty plea to one count of conspiracy to submit false claims, the government agreed to dismiss the remaining fifteen counts of the indictment, and to recommend that the Court impose a sentence at the low end of the guideline range, as determined by the Court, as well as a three level reduction for acceptance of responsibility if the offense level was 16 or greater.  (ECF No. 94 at 5-6.)

On February 8, 2018, at a change of plea hearing, movant pleaded guilty to conspiracy to submit false claims (count 2 of the indictment).  (ECF Nos. 90, 145.)

On May 3, 2018, a draft presentence report ("PSR") was filed.  (ECF No. 102.)  Defense counsel filed informal objections and a reply to the government's objections.  (ECF No. 107-1, 107-4.)  Defense counsel filed supplemental attachments.  (ECF No. 109.)

On May 29, 2018, the final PSR was filed.  (ECF No. 107.)  Defense counsel filed formal objections, arguing, *inter alia*, as follows:

(1) movant's criminal history score should be "I" because movant's 2011 conviction was an infraction that should not be counted as a petty theft conviction.  (ECF No. 110 at 1-4.)

(2) a downward departure should be applied based on movant's family ties and responsibilities, including several reports of interviews of movant's family members, and a letter accepting movant's oldest daughter into a college prep school.  (ECF No. 110 at 5, and att.)

(3) several 3553(a) factors supported a downward variance, including movant's difficult upbringing in extreme poverty, amid violence and drugs, to which movant had not succumbed, movant was not a danger to society, and movant showed "great remorse" for her actions. (ECF No. 110 at 6-11.)

The government opposed such reductions in its written response to movant's objections. (ECF No. 113.)  Defense counsel filed a reply in support of movant's objections.  (ECF No. 117.)

On June 15, 2018, the government filed a sentencing memorandum.  (ECF No.  114.) Defense counsel filed a reply.  (ECF No. 117.)

On August 9, 2018, the district court held movant's judgment and sentencing.  After hearing arguments from both sides, the court found that despite petty theft being a countable

1   offense, the fact that movant pleaded to an infraction weighed against including it in movant's

2   criminal history score.  (ECF No. 147 at 23.)  Therefore, the district court reduced movant's

3   criminal history score to category I.  (Id.)

4         Then, movant's defense counsel argued at length that the court should impose a sentence

5   of home confinement due to movant's family responsibilities and the section 3553(a) factors.

6   (ECF No. 147 at 13-18.)  Defense counsel contended that in light of movant's difficult upbringing

7   it was "incredible" that movant had not "developed a drug problem," or "extensive criminal

8   history."  (ECF No. 147 at 16.)  While movant made a bad decision in committing the instant

9   offense, defense counsel argued that movant was not the "mastermind," had done "an

10  exceptionally good job on pretrial release," had relatively little criminal history compared to

11  many defendants who appear in federal court, and provided a stable and safe environment for her

12  children, who would likely be placed in foster care if movant were sentenced to prison.  (ECF No.

13  147 at 15-17.)  In response, the government argued that movant participated in a criminal

14  conspiracy that went on for almost three years and involved stealing identities from real victims;

15  while movant was not the mastermind, she was integral to the scheme and had provided stolen

16  identities.  (ECF No. 147 at 18.)  In addressing the court, movant apologized, took full

17  responsibility for her actions, and said she did not intend to harm anyone.  When questioned by

18  the court how movant could file "almost $900,000 in false tax returns . . . and think that's not

19  harming someone," movant said, "I'm sorry."  (ECF No. 147 at 20.)  The court followed-up:

20  "Did you think that that's a victimless crime?" Movant:  "No, not at all."  (ECF No. 147 at 20.)

21        After hearing arguments from counsel, the court stated it found movant's "statements and

22  the situation [she is] in very touching[,] [a]nd the situation with [her] children . . . horrible."

23  (ECF No. 147 at 22.)  But after taking into consideration the 18 U.S.C. § 3553(a) factors, the

24  court explained its decision:  given the attempt to take almost $900,000, the large number of

25  people brought into the scheme, and the victims whose identities were stolen or compromised,

26  some of whom may never recover from it, "it would create an unwarranted sentencing disparity if

27  [the judge] were to give the requested one year on home detention or home arrest."  (ECF No.

28  147 at 23.)

1    Movant was sentenced to prison for a term of 37 months on count 2, which was at the low

2    end of the applicable guideline range as determined by the court.  (ECF No. 145.)  Such sentence

3    was calculated on the total offense level of 21, with a criminal history category I, resulting in an

4    advisory guideline range of 37 to 46 months.  (ECF No. 147 at 23.)

5    On August 13, 2018, judgment of conviction was entered, and subsequently amended on

6    October 3, 2018, to include restitution.  (ECF Nos. 123, 146.)

7    Movant filed an appeal on August 16, 2018.  (ECF No. 124.)  On August 27, 2018, the

8    Ninth Circuit appointed different counsel for movant on appeal.  See United States v. Mixon, No.

9    18-10306 (9th Cir.).  On December 5, 2018, movant's request to voluntarily dismiss her appeal,

10   accompanied by appellate counsel's written consent, was granted.  (ECF No. 148.)

11   Movant filed this pro se § 2255 motion on September 6, 2019.

12   III.  The Instant Motion

13   A.  Legal Standard

14   A federal prisoner making a collateral attack against the validity of his or her conviction

15   or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to

16   28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160,

17   1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes

18   that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

19   States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999); United States v. Withers,

20   638 F.3d 1055, 1062 (9th Cir. 2011).  To warrant relief, a petitioner must demonstrate the

21   existence of an error of constitutional magnitude which had a substantial and injurious effect or

22   influence on the guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637

23   (1993).  Relief is warranted only where a petitioner has shown "a fundamental defect which

24   inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333,

25   346 (1974).

26   Under § 2255, "a district court must grant a hearing to determine the validity of a petition

27   brought under that section, '[u]nless the motions and the files and records of the case conclusively

28   show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465

1   (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's

2   allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible

3   or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d

4   1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  See also Withers, 638 F.3d at

5   1062-63.  Therefore, to warrant a hearing, the movant must make specific factual allegations

6   which, if true, would entitle him to relief.  Withers, 638 F.3d at 1062; McMullen, 98 F.3d at 1159.

7   Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a

8   hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

9          B.  Movant's Claims

10         Movant raises four claims of ineffective assistance of counsel at sentencing:  (1) defense

11  counsel failed to argue the loss amount was substantially lower than the government alleged;

12  (2) defense counsel failed to challenge the loss conclusions, including, but not limited to, the

13  financial gain amount incorrectly attributed to movant; (3)  defense counsel failed to proactively

14  seek a different loss calculation that would have yielded a different sentencing range, resulting in

15  the Court failing to make a downward sentence adjustment; and (4) defense counsel failed to

16  "paint a persuasive picture for the sentencing judge for a substantial sentence reduction."  (ECF

17  No. 149 at 8.)

18         C.  Legal Standards Applicable to Ineffective Assistance of Counsel Claims

19         The applicable legal standards for a claim of ineffective assistance of counsel are set forth

20  in Strickland v. Washington, 466 U.S. 668 (1984).  To succeed on a Strickland claim, a defendant

21  must show that (1) counsel's performance was deficient and that (2) the "deficient performance

22  prejudiced the defense."  Id. at 687.  Counsel is constitutionally deficient if his or her

23  representation "fell below an objective standard of reasonableness" such that it was outside "the

24  range of competence demanded of attorneys in criminal cases."  Id. at 687-88 (internal quotation

25  marks omitted).  "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a

26  trial whose result is reliable.'"  Harrington v. Richter, 131 S. Ct. 770, 787-88 (2011) (quoting

27  Strickland, 466 U.S. at 687).

28  ////

1   A reviewing court is required to make every effort "to eliminate the distorting effects of

2   hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

3   conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669; see Richter, 131 S.

4   Ct. at 789.  Reviewing courts must also "indulge a strong presumption that counsel's conduct falls

5   within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  This

6   presumption of reasonableness means that the court must "give the attorneys the benefit of the

7   doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel

8   may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196 (2011)

9   (internal quotation marks and alterations omitted).

10   Prejudice is found where "there is a reasonable probability that, but for counsel's

11   unprofessional errors, the result of the proceeding would have been different." Strickland, 466

12   U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the

13   outcome." Id.  "The likelihood of a different result must be substantial, not just conceivable."

14   Richter, 131 S. Ct. at 792.  The court "need not first determine whether counsel's performance

15   was deficient before examining the prejudice suffered by the defendant as a result of the alleged

16   deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of

17   sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697.

18   And more particularly in a case involving an ineffective assistance of counsel claim

19   allegedly resulting in a plea of guilty, movant must show there is a reasonable probability that,

20   but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

21   trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Washington v. Lampert, 422 F.3d 864,

22   873 (9th Cir. 2005).  Such "predictions of the outcome at a possible trial, where necessary, should

23   be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker."

24   Hill, 474 U.S. at 59-60.

25   D.   Analysis

26   1.   Claims One - Three (Related to Loss Amount)

27   The record demonstrates that movant pleaded guilty to conspiring to prepare, file or assist

28   in filing 174 false of fraudulent tax returns from January 2011 through June of 2013, and the

6

1    intended loss amount was determined based on the total refunds sought from such returns.  As

2    argued by respondent, movant's initial three claims relate to the calculation of the loss amount,

3    which movant expressly agreed to by signing both the factual basis and the written plea

4    agreement, as well as stipulating to the accuracy of the factual basis in open court during her plea

5    colloquy[1] (ECF No. 147 at 13-14).  Indeed, the written plea agreement provides that "there is no

6    material dispute as to the following sentencing guidelines variables," including that the "intended

7    loss was more than $550,000," resulting in a 14-level increase in the base offense level.  (ECF

8    No. 94 at 8.)  In addition, the loss amount was supported by the evidence set forth in the PSR.

9    The court did not consider gain when it determined movant's sentence.  (ECF No. 147, *passim*;

10   see also ECF No. 153 at 10 n.4.)

11        Movant offered no evidence, facts, or argument as to what the loss amount should have

12   been, or shown why defense counsel should have challenged the loss amount at sentencing,

13   particularly in light of movant's acceptance of such loss amount, under penalty of perjury, both

14   orally and in writing.

15        Finally, movant utterly fails to demonstrate prejudice, simply claiming, without facts or

16   evidence, that a different loss calculation would have yielded a different sentencing range.  The

17   government counters that in order to reduce the guideline range, movant would have to

18

---

19   [1]  Nothing in the record suggests that movant's plea was not knowing, intelligent, and voluntary.
     At the change of plea hearing, movant affirmed that she was voluntarily entering her plea of
20   guilty.  (ECF No. 145 at 5.)  She affirmed that she understood the terms of the plea.  (ECF No.
     145 at 8.)  Movant acknowledged that she understood the constitutional rights she was waiving.
21   (Id. at 11-12, 13.)  Movant confirmed that no one had threatened her in order to make her enter
     the plea; and no one had made any promises to her other than what was stated on the record and
22   in open court.  (Id. at 8.)  Movant confirmed that she was "satisfied with the advice and
     representation give to [her] in this case by [her] attorney."  (ECF No. 145 at 4.)  Movant
23   confirmed that she had read the "Factual Basis for Trial" appended to the written plea agreement,
     swore that "everything contained" therein is "true and correct," and stipulated that it will be the
24   factual basis for her guilty plea."  (ECF No. 145 at 14.)  Movant's solemn declarations in open
     court carry a strong presumption of verity.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977);
25   see also Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006).  Based on her affirmations, the
     trial court found that movant knowingly, intelligently and voluntarily waived her constitutional
26   rights, and found that there was a factual basis for the plea.  (ECF No. 145 at 14.)  See also
     Blackledge, 431 U.S. at 74 (explaining that the findings made by the judge accepting the plea
27   "constitute a formidable barrier in any subsequent collateral proceedings").

28

1    demonstrate that the intended loss amount was overstated by over $333,000, which movant did

2    not show, but even then the 19 base offense level would result in a guideline range of 30-to-37

3    months, a range within which movant's current sentence falls.  Movant fails to demonstrate that

4    had defense counsel challenged the loss amount at sentencing it is likely such challenge would

5    have been successful.  Movant's mere speculation that she would have been sentenced under a

6    lower sentencing range is insufficient to demonstrate there is a reasonable probability that the

7    outcome would have been different, and therefore fails to demonstrate prejudice under Strickland.

8            For the above reasons, movant's first, second and third claims should be denied.

9            2.  Movant's Fourth Claim

10           In her fourth claim, movant contends defense counsel failed to persuasively argue at

11   sentencing for a substantial sentence reduction.  However, the undersigned agrees with the

12   government that movant's fourth claim is conclusory and without evidentiary support and should

13   be denied on that basis.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague

14   and conclusory allegations in a § 2255 motion do not support relief); Neighbors v. United States,

15   457 F.2d 795 (9th Cir. 1972) (§ 2255 motion properly denied where allegations regarding denial

16   of effective assistance of counsel were entirely conclusory and without support in the record).

17           Nevertheless, the record amply demonstrates defense counsel's zealous advocacy,

18   winning a reduction in movant's criminal history, despite the fact that her prior conviction for

19   petty theft could have been counted to increase her history to a category II, and resulting in the

20   low end of movant's sentencing range being reduced from 41 months down to 37 months.

21   Moreover, defense counsel strenuously argued, both in response to the PSR and to the sentencing

22   court, that movant should have been allowed to serve her time on house arrest.  But the

23   sentencing judge explained why movant was not entitled to house arrest; the judge's reasoning

24   was based on the nature of the criminal offense and its impact on the victims, not on defense

25   counsel's failure to argue persuasively.  "There are countless ways to provide effective assistance

26   in any given case."  Strickland, 466 U.S. at 689.  Movant fails to demonstrate that defense

27   counsel's strategy or arguments made at sentencing were objectively unreasonable, or that had

28   defense counsel made a different sentencing argument, the outcome would have been different.

Thus, movant's fourth claim should also be denied.

IV.  Evidentiary Hearing

Because movant failed to make specific factual allegations which, if true, would entitle her to relief, no evidentiary hearing is required.  Withers, 638 F.3d at 1062; McMullen, 98 F.3d at 1159.

V.  Conclusion

For all of the above reasons set forth above, the § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 149) be denied; and

2.  The Clerk of the Court be directed to close the companion civil case No. 2:19-cv-01786-MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mixo0010.257